We'll move to our last case of the morning, Appeal 19-2289, Carlos Alvarez-Espino v. Barr. And we'll begin first with Ms. Baldini-Potterman. Good morning, your honors. May it please the court. My name is Maria Baldini-Potterman, and I represent the petitioner Carlos Alvarez-Espino in this matter. Petitioner seeks reversal of the Board of Immigration Appeals' denial of his appeal from the judge's denial of a motion for continuance, and also his motion to remand so that he may apply for a new visa waiver before the immigration judge. The real issue that this case comes down to is ineffective assistance of counsel. In determining whether the board erred as a matter of law and abused its discretion by denying petitioner's unopposed motion to remand for adjudication of his new visa, the issue comes down to what really is the role of an attorney in removal proceedings. Is it that the non-citizen has to prove what he or she is eligible for and identify forms of relief? Or is it that the attorney should inquire of the applicant or the respondent in removal proceedings what facts have happened in his life? Let's assume counsel was ineffective here. What's the prejudice? And prejudice here is defined as the potential for affecting the outcome of the proceedings. There was certainly delay in terms of filing the—claiming a U visa. But that has been filed. I don't think that's been adjudicated yet. What's the prejudice from an ineffective assistance of counsel here? The prejudice, Your Honor, is found in two manners. The first is that had counsel appropriately identified the relief earlier in the game, in 2011 up to 2015, he could have already been granted the U visa in its entirety. So that's the delay question. That's a delay question, but Your Honor— Is it your argument—I'm sorry to interrupt—is it your position that that delay alone is prejudice? Yes, it is, Your Honor. The delay alone is prejudice because he could have been a permanent resident prior to his removal proceeding. Back in 2011, it was taking four to five months to adjudicate a U visa. Once a U visa with the waiver was granted, then the petitioner who was granted U non-immigrant status could wait three years at the three-year mark, apply for his adjustment of status before the service because the U visa is valid only for four years. And he could have been a permanent resident prior to the final hearing in 2015. Is there any case law that supports that that delay alone causes prejudice? Your Honor, I don't believe there is. This could be an issue of first impression. Is there any case law going the other way? I'm sorry? Is there any case law going the other way? I didn't—nothing was cited in the briefs and I certainly didn't find anything, but— Not that I'm aware of, Your Honor. But the U visa became such an important tool for non-citizens in removal proceedings, in fact, that this court has twice held that an immigration judge has the authority to grant the waiver itself. And those cases were cited in the briefs—LDG in 2014 and Baez-Sanchez in 2017. The other prejudice, Your Honor, is that under the statute itself, under INA Section 240, a non-citizen in removal proceedings has the statutory right to apply for relief in removal proceedings, to present evidence in support of that application for relief, and to call witnesses on his or her behalf to testify before the immigration judge. So in this case, there's clearly prejudice as far as the ineffective assistance of counsel. Mr. Alvarez, or Petitioner Alvarez, has now filed a completed U visa petition with the Vermont Service Center and a complete application for the waiver with all of the supporting documents, 500 pages. He is entitled under the statute to have a hearing before an immigration judge with respect to his application for the U visa waiver. And again, this was not opposed by DHS. Are you saying he's not going to get that hearing? Or you don't know? It's filed. Won't he get it just—it might be sometime before he gets it? As far as in front of the judge, Your Honor, are you speaking about the USCIS? I'm trying to respond to your argument of prejudice, that he's prejudiced because he's now filed it, but he hasn't had a hearing. Won't he ultimately get a hearing on that petition or not? He will get a hearing before the immigration judge, Your Honors, if you reverse the board's decision and remand it back to the immigration court for the evidentiary hearing. But just on his visa application, his U visa application alone, he won't get a hearing? On the U visa itself, Your Honor, no, he will not. And is the reason for that because the U visa is pending, not as part of any proceeding before an immigration judge, but is pending in a separate channel altogether in front of USCIS? Yes, Your Honor, that is correct because under the statute, 8 U.S.C. 1101-15U, only the USCIS has jurisdiction to decide the U visa petition or the 918 itself. Okay, and some of the points that you've made, I think, quite effectively, I'll say, is that your client has a pretty good case for a U visa. And so, one of the things, that's not up to us to decide, of course, that's up to USCIS. But given that that avenue is available, and kind of picking up on what Judge St. Eve has asked, that avenue is available to him. I know we're not on the timeline that he would prefer, for sure. But given that it's available, is there legal prejudice in any of the rulings that we're reviewing? Your Honor, as far as his current position and being before this court, the prejudice is he has an outstanding order of removal against him. And so, at any time, ICE can call him in and take him into custody and deport him. Can't he ask for that to be stayed by USCIS, given that he has a U visa pending? He can, Your Honor. And as I noted in the reply brief, the ICE has now changed its guidelines as far as granting stays of removal. And as long as there remains an outstanding removal order, ICE can, again, deport him. This is the risk. And in fact, in matter of Sanchez-Sosa, which was issued by the Board in 2012, the Board specifically said that removal proceedings can be continued for adjudication of the U visa. Congress intended for U visas for petitioners to be able to remain in the U.S., and the Board has thus interpreted that in matter of Sanchez-Sosa. In fact, in the matter of LABR, which has to do with the continuance issue in this case, the Attorney General did not overrule matter of Sanchez-Sosa. So Sanchez-Sosa remains good law. If this case were sent back to the Board, remanded back to the Board, and thereafter remanded back to the immigration judge, the immigration judge can adjudicate the waiver and then continue the removal proceedings under matter of Sanchez-Sosa until there has been what is called the deferred action grant. That is what is referred to as the wait list. Right now, the time it takes to get to deferred action, because there's only a 10,000 availability of visas per year. So there is a wait list. That's optional for the court to do, correct? The immigration court wouldn't have to adjudicate that, would it? A request for a continuance, Your Honor? No, you said if this goes back, then the immigration judge can adjudicate the waiver and adjudicate the U visa. Adjudicate the U visa waiver, Your Honor, the form I-192. Is that optional or mandatory for the immigration judge? Your Honors, we argue it's mandatory because, again, under the statute, he has the right to apply for all forms of relief that are available to present evidence and then to ask that the waiver be granted with witness testimony as well. Would you like to reserve the rest of your time? Yes, I will reserve my last minute. Thank you, Ms. Baldini-Potterman. We'll now hear from Ms. Wellhoff. Good afternoon, Your Honors. Ann Wellhoff for respondent, Attorney General Barr. May it please the court. There's two issues in front of this court that are fairly simple issues, although it's easy to get lost in the forest here, I think. The first is, did the immigration judge abuse his discretion when it denied petitioner's request for a continuance? And on the facts of this case, respondent maintains that, in fact, the immigration judge did not improperly apply board precedent decision in making that decision. We have to look at, at the time he made the decision, matter of LABR was the most recent and controlling authority on what are the factors that immigration judge should consider in deciding whether to continue a matter for a collateral proceeding to be ongoing. And that case is very clear. I would refer the court to page 415 and 16 of that LABR decision. The AIJ should not grant a continuance merely because the alien expresses the intention to file for collateral relief at some future date or where the alien appears to have unreasonably delayed filing for such collateral relief until shortly before the noticed hearing. I would stop there. At the time he was seeking his continuance here, he had filed absolutely nothing. You say you would stop there, but doesn't the AIJ have to consider all of the factors that are set forth in the matter of LABR? Well, sure. Did the AIJ look at the likelihood of receiving the requested relief? I would say that's not the test. The test under LABR is the likelihood that the alien will receive the collateral relief. It is not possible for the immigration judge to even assess that without the application appended to such motion or presented to him. In fact, if you read LABR, it makes that very clear too. It says, to assess the speculative, well, first of all, LABR says we're not going to continue for speculative relief. At this point, when she's asking for his continuance, nothing, there's no U visa pending. It wasn't pending until eight months later. So it's your position it would have to be pending in order for the AIJ to determine the likelihood of receiving it? All she did was come in and say, we intend to do something. And at this point, a case that had been ongoing for years already had four continuances. A remand, two remand hearings. The matter of LABR says, to assess the speculativeness of an alien's collateral matter, an immigration judge will need an evidentiary submission by the alien which should include relevant submission by the alien to the agency in that collateral matter. Absent such evidence, the alien generally will not carry his burden of showing that a collateral matter is actually likely to bear on the outcome of the removal proceedings. That's right out of LABR. At the time, this was an attorney who walked in really at the 11th hour and just wanted to throw out five years' worth of immigration hearings with this absolutely completely new theory. Can I ask you about part of that? No, go ahead. Finish your thought. The immigration judge clearly did not abuse his discretion on the facts of this case and given the posture of the case, where it was standing in denying that motion to continue. Absolutely not. And particularly given that it's what we all agree she could still pursue that relief and in fact did so. And nothing about the removal order which she said there's a final order of removal currently and I would say it's not at this point, it's not final until the appeal is resolved. But there was absolutely no good cause. At the time, she appeared for the first time in immigration court and announced she was taking over the case. Petitioner's parole counselor was standing right there and basically he was just excused. She got up and said, I'm taking over the case. And he left and she just started at that point making all these claims that he's entitled to all this other relief. At that point, it was very speculative. I believe the judge properly applied matter of LABR and that there was no abuse of discretion by the judge at that point. I got a couple of questions for you about the board's order if you don't mind. The board's order doesn't even mention LABR at all. LABR is what provides the entire framework for this as I understand it. After August of 2018, it's entirely silent. But more than that, is it even possible to defend the board's analysis of the ineffective assistance issue? I'll do your first question first about the board mentioning LABR. I would refer the court to administrative record page 4 where the board's sites met. It's mentioned but not in terms of any, and your point is not in terms of any probability of collateral relief because there's been no U visa filed. He mentions it in the context of stating why the IJ did not err in denying the continuance. He's citing that as that is the controlling standard and I believe what the board is saying is that under matter of LABR, the consideration of the factors were adequately weighed by the immigration judge. I mean, the immigration judge wasn't in a position to assess the... By June of 2019, had it been filed? That's just the date of the board's order. No. Oh, I'm sorry. I thought it was filed in 2018. It was filed after the, excuse me, after the judge denied the continuance. But before the board. Before the board. So at that point, what you have, so we have a motion to continue before the immigration judge, which I believe good cause didn't exist and I believe LABR overwhelmingly supports that. Now, what we had happen in the interim was the filing of a motion to remand. So the next question in this case before the court is did the board abuse its discretion in denying that motion to remand? And respondent maintains the board did not. And if you are seeking to remand a case on the grounds of IAC, you have to show three things. One, subpar or ineffective assistance of prior counsel. Two, that you were prejudiced by that ineffective representation. And that's a but-for test. But for this ineffective counsel, the outcome would have been totally different. And three, you've got your matter of Lizada issues, which I believe were satisfied here. What about the delay argument satisfying the prejudice problem? Well... The question on ineffective assistance of counsel, as you identified, in addition to finding ineffective assistance of counsel, there has to be prejudice. Can the delay here of prior counsel not filing the U visa application back in 2011 qualify as prejudice? I don't believe so. The cases that interpret prejudice talk about substantial precedent... Or excuse me, prejudice. I would not... It's unfortunate, it's inconvenient that he has a delay here. But I don't believe that would qualify. And I haven't found a case that said that. Counsel's arguing it's more than just a time delay. But by the delay, things were happening much faster in 2011. That's all outside the record. And I don't have all those statistics to comment on that. That's her allegation. I do see that. Even so, I would respond... It would maintain that substantial precedent... Prejudice is required. And that it wasn't shown here. And that the question is, did the board abuse its discretion in finding no substantial prejudice and in finding that she... They had not sufficiently established subpar performance by counsel? If you look at the evidence on that too, it's conflicting. Petitioner... And petitioner never asserts. I told my counsel I was the victim of a crime and he just ignored it. He just says he never asked. That's the rationale the board relies upon. The board says it's not evident that the respondent informed his prior counsel of the robbery. Correct. The difficulty I have with that, is that honestly an obligation that a non-citizen is under? Doesn't counsel have a duty to investigate a basis for remaining in the United States? And counsel came forth and provided an affidavit and says that he did so. No, he didn't say that. Well, he said it is my common practice. I have a routine whenever I interview immigration. But he didn't say he did so here. I would interpret what he said. I think he did say that he did so. I think that's a stretch. So set counsel aside. I have... You're saying that in the government's view here, the Attorney General of the United States, his view is that that sentence about ineffective assistance of counsel contains no legal error? Which sentence, Your Honor? In the first paragraph on appendix page 4. To the extent that respondent alleges ineffective assistance of prior counsel, it's not evident that the respondent informed his prior counsel. How is that even relevant? We're talking about... I think that... You'd never say that in a criminal... You'd never say that in criminal law. The defendant failed to tell his criminal lawyer he had a good motion to suppress. Well, I think that... A trial judge would look at you like you're crazy. I think that the... The attorneys allege he made relevant inquiries, which would include ascertaining information. Let me say it a different way. All I'm trying to figure out is, does the board's order, does it contain a legal error? In other words, the framework, the legal framework within which the board thought about ineffective assistance is legally wrong. Because ineffective assistance does not entail within it an obligation for a non-citizen to inform his immigration lawyer of a possible ground for relief. It's the other way around. A lawyer exercises diligence and inquires as to the various grounds for relief. I'm not going to say that that sentence is a statement of legal error. It's not the most artfully drafted way I would have said it, but what he's saying is... The petitioner's never alleged that he even mentioned that he was the victim of a crime, and the attorney's saying that he made inquiries. There's no... But Strickland, which is the case that deals with ineffective counsel, makes clear that counsel has a duty to make reasonable investigations. Yes. So how can that be an accurate statement if it's shifting the burden... to the petitioner here to tell counsel as opposed to counsel doing the reasonable investigation on his own? Well, I would... It's like telling a criminal pro se defendant, you're under a legal obligation to tell your lawyer you have a good Fourth Amendment motion to suppress. All pro se defendants are going to say, hey, look, I'm not the one that went to law school. I think there's a difference between your obligation to inform him of legal knowledge versus just basic facts like I was robbed at gunpoint in 2002. This is 2011 years later, and I would emphasize that the board denied this on two alternative grounds. One, you didn't come forth and establish subpar performance, and two, we still have the prejudice issue that's independently dispositive. So even if the court is very bothered by the issue of was the counsel ineffective, which I don't believe the evidence shows that, we still have the prejudice issue that disposes of this and that the board properly exercised its discretion in denying the motion at this time. Thank you. Thank you, Ms. Walloff. We'll now hear a rebuttal from Ms. Baldini-Potterman. Thank you. Thank you, Your Honors. I'd like to start off with a clarification. I believe that counsel just misrepresented the status of this case. Petitioner is under a final order of removal. If he were not under a final order of removal under 8 U.S.C. 1252, this court would not have jurisdiction over this matter. In order for this court to have jurisdiction over a petition for review, there must be a final order of removal. The second point, Your Honor, is that in our briefing down below, we did, in the motion to remand, raise the time frames. The USCIS records are there as far as how long it was taking the process. The third point that I want to make is that at Appendix 5, page 5, the immigration judge issued her denial of the continuance on November 29th of 2017. Matter of LAVR was not issued until August 16th of 2018, after the U-Visa petition was filed on August 2nd of 2018. So the reliance on LAVR is incorrect because the judge didn't have that decision because it hadn't even been issued by the Attorney General. The third point, Your Honors, that I'd like to make as well is, again, just going back to the beginning. Whose burden is it to identify forms of relief when a non-citizen is represented by counsel? At Administrative Record pages 816 to 817, Judge Vina Court specifically instructed the attorney, Mia, to investigate whether or not Petitioner was eligible for tenure cancellation because they believed he was not. The judge said, it looks like he's not eligible. Investigate any other forms of relief. There is no evidence that either Counsel Cola or Counsel Mia ever went back and asked Petitioner Alvarez, were you ever a victim of a crime? Did you ever speak to a police officer in the United States? Had that question been asked, there is no reason why Petitioner would not have given the honest answer, as he had been a victim in 2002, had cooperated and obtained a police report later with new counsel. We ask that this Court reverse the Board's decision and remand this case for an evidentiary hearing. Thank you. Thank you, Ms. Baldini-Potterman. Thank you, Ms. Wilhaff. The case will be taken under advisement. That will close the Court's proceedings for today. Thank you. Thank you.